MARK B. MIZRAHI (State Bar No. 179384)
  mmizrahi@wrslawyers.com
ERIC LEVINRAD (State Bar No. 169025)
  elevinrad@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:   (310) 478-4100
Facsimile:    (310) 479-1422

Attorneys for PLAINTIFF EXTENSIONS
PLUS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EXTENSIONS PLUS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> EXTENSIONS HAIR PLUS WIGS, LLC, a Minnesota Limited Liability Company, a/k/a Extensions Plus Hair & Wigs, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)-(2));** <br><br> **FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (15 U.S.C. § 1125(a));** <br><br> **COMMON LAW UNFAIR COMPETITION;** <br><br> **CALIFORNIA STATUTORY UNFAIR COMPETITION; and** <br><br> **CYBERPIRACY  (15 U.S.C. § 1125(d)).** <br><br> Trial Date:      None |

Plaintiff Extensions Plus, Inc. ("Plaintiff" or "Extensions Plus") brings this Complaint against Defendant Extensions Hair Plus Wigs LLC, also known as Extensions Plus Hair & Wigs  ("Defendant").  Extensions Plus alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 28 U.S.C. § 1367(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). On information and belief, Defendant is a Limited Liability Company subject to personal jurisdiction in this judicial district; and a substantial part of the events giving rise to the claims occurred in this judicial district.  Plaintiff is informed and believes that Defendant is subject to specific personal jurisdiction in California and in this judicial district, in part, because Defendant willfully infringed on Plaintiff's EXTENSIONS PLUS trademark, knowing that Plaintiff is a California resident, and thereby purposefully directed its activities towards California.

## PARTIES

3.      Plaintiff Extensions Plus is a California corporation with its principal place of business in Reseda, California.

4.      On information and belief, Defendant Extensions Hair Plus Wigs LLC is a Minnesota Limited Liability Company also known as Extensions Plus Hair & Wigs, with its principal place of business in South Minneapolis, Minnesota.

## FACTS ENTITLING EXTENSIONS PLUS TO RELIEF
### The EXTENSIONS PLUS Trademark

5.      Extensions Plus is an internationally recognized and respected name in the hair extensions and wigs industry, with over 30 years' experience in the wholesale, retail and entertainment industry.  Extensions Plus is one of the leading suppliers of hair extensions and wig products in the United States.  Extensions Plus and its products have been featured in numerous magazine articles, including articles published in Oprah Magazine, Essence Magazine and Newsweek.

Extensions Plus's hair extension and wig products have featured in approximately forty motion pictures and numerous television shows, for which Extensions Plus has received credit.

6. Extensions Plus markets and sells its goods to cosmetologists and end users through Extensions Plus' physical and online retail stores, over the phone, and through other customary trade channels.

7. Extensions Plus is the sole and exclusive owner of United States Federal Trademark Registration No. 2,167,696 for the Service Mark EXTENSIONS PLUS for hair replacement styling, namely custom wefting, blending and coloring of hair extensions.  A true and correct copy of the Certificate of Registration for the EXTENSIONS PLUS Service Mark No. 2,167,696 is attached as **Exhibit 1**. Because of EXTENSIONS PLUS's longstanding and continuous use of its mark, the EXTENSIONS PLUS Service Mark No. 2,167,696  is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

8. Extensions Plus is also the sole and exclusive owner of United States Federal Trademark Registration No. 4,364,950 for various goods and services, including, hair extensions, wigs, hairpieces, micro-braids made of human and/or synthetic hair; hair care preparations; hair sprays, hair styling preparations; bonding glue and adhesives used to apply hair extensions; tools used in hair extensions application; tools used to apply hair extensions to wearers; finished caps that serve as the base for wigs and hairpieces; and wholesale, retail and store services. A true and correct copy of the Certificate of Registration for the EXTENSIONS PLUS Trademark No. 4,364,950 is attached as **Exhibit 2**.  The EXTENSIONS PLUS Service Mark No. 2,167,696 and the EXTENSIONS PLUS Trademark No. 4,364,950, together with the common law rights that Extensions Plus garnered in the EXTENSIONS PLUS mark, are collectively referred to as the "EXTENSIONS PLUS trademark."

/ / /

9.     Extensions Plus has made widespread and prominent use of the EXTENSIONS PLUS trademark in connection with the sale of its goods and services since 1989.

### Defendant's Infringement

10.     Defendant is in the business of providing competing goods and services in connection with hair extensions, hairpieces, and wigs, in connection with marks that create a likelihood of confusion as to the source, affiliation, sponsorship and/or association between Plaintiff and Defendant's goods and/or services.

11.     Specifically, Defendant has infringed on Plaintiff's EXTENSIONS PLUS trademark by using that mark: (1) as part of its company name, Extensions Plus Hair & Wigs; (2) as part of its domain name, www.extensionsplushairandwigs.com; (3) as part of its Facebook account name, https://www.facebook.com/Extensionsplus1023; (4) in promotional videos which it posted on YouTube; (5) on the signage on Defendant's storefront; and (6) on information and belief, on printed promotional material.  In addition to infringing on Plaintiff's EXTENSIONS PLUS trademark, Defendant has willfully and intentionally attempted to further misappropriate EXTENSIONS PLUS's goodwill by using the same orange and yellow swirl design on its web site that EXTENSIONS PLUS frequently uses with its EXTENSIONS PLUS trademark and to otherwise designate the origin of its goods and services.  Defendant has done so in a transparent attempt to mislead potential customers, visiting Defendant's website and otherwise, into thinking that they are doing business with Extensions Plus, when in fact they are doing business with Defendant, and to misappropriate Plaintiff's goodwill, including residual goodwill.  A true and correct copy of a printout of an excerpt from Extensions Plus's website showing the orange and yellow swirl design mark is attached hereto as **Exhibit 3**.  A true and correct copy of a printout of Defendant's website from September 12, 2013 is attached as **Exhibit 4**.

/ / /

12.     Extensions Plus is informed and believes, and based thereon alleges, that well after Extensions Plus demanded that Defendant cease and desist its infringing conduct, Defendant changed its name with the Minnesota Secretary of State from "Extensions Plus Hair & Wigs" to "Extensions Hair Plus Wigs." While Defendant used the slightly modified and nevertheless confusingly similar name on some portions of its website, Defendant continues to use Plaintiff's distinctive yellow and orange swirl design on its website; continues to use the EXTENSIONS PLUS trademark as part of its domain name; continues to use the EXTENSIONS PLUS trademark on its website; continues to use the EXTENSIONS PLUS trademark on social media, including its Facebook page and on its videos posted on YouTube; and, on information and belief, continues to use the EXTENSIONS PLUS trademark on the signage on its storefront and on other printed promotional material, all in an effort to mislead and confuse existing and potential customers into believing that Defendant is affiliated with Extensions Plus and to misappropriate Plaintiff's goodwill in its EXTENSIONS PLUS trademark.  As a result, notwithstanding Defendant's slight modification of its name, there continues to be a strong likelihood of confusion as to whether Defendant's goods and services are sponsored by, affiliated with or endorsed by Plaintiff.  As such, Defendant continues to infringe on Plaintiff's mark, both by using the EXTENSIONS PLUS trademark as part of its domain name and using the EXTENSIONS PLUS trademark in its website, as well as by using a name that is confusingly similar to the EXTENSIONS PLUS trademark.

13.     Moreover, Plaintiff is informed and believes and based thereon alleges that when potential customers contact Defendant to inquire about the availability of Defendant's products in California, Defendant affirmatively holds itself out as being affiliated with Plaintiff by suggesting that Defendant's products can be obtained from "our California site," even though Defendant has no store in California, and is therefore referring to Plaintiff, which is based in California.

14.    Defendant's use of the EXTENSIONS PLUS trademark is thus clearly willful.  Defendant is intentionally creating consumer confusion and trading off the great investment that Extensions Plus has put into its brand and its products without authorization or compensation.

**Defendant's Failure to Comply with EXTENSIONS PLUS's Demands**

15.    Extensions Plus has notified Defendant in writing and verbally that Defendant is required immediately and permanently to cease and desist all use of the EXTENSIONS PLUS trademark.  EXTENSIONS PLUS's written demand further notified Defendant that its use of the EXTENSIONS PLUS trademark was unauthorized and violated federal infringement and unfair competition laws.

16.    As set forth above, well after receipt of the demand from Extensions Plus, Plaintiff is informed and believes and based thereon alleges that Defendant modified its business name from "Extensions Plus Hair & Wigs" to "Extensions Hair Plus Wigs," which is itself confusingly similar to the EXTENSIONS PLUS trademark.  Moreover, following receipt of Plaintiff's demand, Defendant continued using the EXTENSIONS PLUS trademark without modification as part of its domain name and on its website and other media.  Additionally, Defendant continued to display the distinctive orange and yellow swirl design used by Plaintiff on its website, making it appear that it and the products offered on its website were affiliated with Extensions Plus, notwithstanding the slight modification to its business name made after receipt of demand from Plaintiff.

17.    It is likely that Defendant's continued use of the EXTENSIONS PLUS trademark, as well as Defendant's use of the confusingly similar Extensions Hair Plus Wigs mark has caused, and causes, confusion among members of the public as to whether Defendant is authorized, sponsored, provided or endorsed by, or affiliated with Extensions Plus.

/ / /

/ / /

## COUNT I:

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. § 1114(1)-(2))

18.     Extensions Plus repeats and realleges the allegations set forth in paragraphs 1-17 above.

19.     Defendant's use of the EXTENSIONS PLUS trademark violates section 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2), because it constitutes unauthorized, willful and/or deliberate use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of EXTENSIONS PLUS's federally-registered marks in connection with the sale, offering for sale, distribution, and advertising of products and services in a manner likely to cause confusion, mistake, and deception.

20.     On information and belief, Defendant's acts have been willful and deliberate.

21.     Extensions Plus has been, and continues to be, irreparably harmed by Defendant's violations of this statute, and Extensions Plus has no adequate remedy at law.  Unless this Court enters an order requiring Defendant immediately and permanently to cease and desist from its unlawful use of the EXTENSIONS PLUS trademark, Defendant's unlawful conduct will continue to cause injury to Extensions Plus and the public.

## COUNT II:

## FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR

## COMPETITION

## (15 U.S.C. § 1125(a))

22.     Extensions Plus repeats and realleges the allegations set forth in paragraphs 1-21 above.

23.     Extensions Plus's use of the EXTENSIONS PLUS trademark described above violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it

1  constitutes unauthorized, willful and/or deliberate use in commerce of the

2  EXTENSIONS PLUS trademark, which is likely to cause confusion, mistake, and

3  deception as to the approval, origin, or sponsorship by Extensions Plus of products

4  and services provided by Defendant, and which accordingly constitutes unfair

5  competition and infringement of the EXTENSIONS PLUS trademark.

6       24.    On information and belief, Defendant's acts have been willful and

7  deliberate.

8       25.    Extensions Plus has been, and continues to be, irreparably harmed by

9  Defendant's violation of this statute, and Extensions Plus has no adequate remedy at

10  law.  Unless this Court enters an order requiring Defendant immediately and

11  permanently to cease and desist its unlawful use of the EXTENSIONS PLUS

12  trademark, the violation will continue to cause injury to Extensions Plus and the

13  public.

### COUNT III:

### COMMON LAW UNFAIR COMPETITION

16       26.    Extensions Plus repeats and realleges the allegations set forth in

17  paragraphs 1-25 above.

18       27.    Defendant has violated Plaintiff's exclusive common law rights in its

19  EXTENSIONS PLUS trademark.

20       28.    Plaintiff has continuously used its EXTENSIONS PLUS trademark to

21  identify its goods in California and elsewhere, and to distinguish them from goods

22  of a different origin.  As such, Plaintiff has common law rights to the

23  EXTENSIONS PLUS trademark.

24       29.    Defendant's acts described above constitute trademark infringement

25  and trade name infringement under the common laws of the United States, including

26  California.

27  / / /

28  / / /

30.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered irreparable harm to its valuable EXTENSIONS PLUS trademark.  Unless Defendant is restrained from further infringement of the EXTENSIONS PLUS trademark, Plaintiff will continue to be irreparably harmed.

31.     Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendant's acts are allowed to continue.

## COUNT IV:

## CALIFORNIA STATUTORY UNFAIR COMPETITION

32.     Extensions Plus repeats and realleges the allegations set forth in paragraphs 1-31 above.

33.     The conduct complained herein constitutes unfair competition within the meaning of California Business and Professions Code § 17200 *et seq*. and, as a result, Plaintiff has suffered and will continue to suffer harm to its business, reputation, and goodwill.

34.     Defendant's acts, as alleged herein, have impaired Plaintiff's goodwill, have created a likelihood of confusion, and have otherwise adversely affected Plaintiff's business and reputation.  By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business act or practice" and/or "unfair, deceptive, untrue or misleading advertising" in violation of California Business and Professional Code Section 17200 *et seq*. and the common law.

35.     Defendants should be enjoined from engaging in their acts of unfair competition.

/ / /

/ / /

/ / /

/ / /

**COUNT V:**

**CYBERPIRACY UNDER 15 U.S.C. § 1125(d)**

36.     Extensions Plus incorporates by reference in this claim for relief the allegations contained in paragraphs 1 through 35 above.

37.     Extensions Plus' EXTENSIONS PLUS trademark is and was a distinctive mark at the time the Defendant registered and began controlling the domain name <extensionsplushairandwigs.com>.

38.     The domain name <extensionsplushairandwigs.com> is confusingly similar to Plaintiff's EXTENSIONS PLUS trademark, especially in light of the high similarity of the parties' respective goods and services.

39.     On information and believe, Defendant chose the domain name <extensionsplushairandwigs.com> with a bad faith intent to profit from Plaintiff's reputation in its Extensions Plus trademark.

40.     Defendant's use and registration of the domain name <extensionsplushairandwigs.com> violates 15 U.S.C. § 1125(d).

41.     Defendant's conduct is causing irreparable harm to Plaintiff for which there is no adequate remedy at law, such that the Court should order the forfeiture or cancellation of the domain name or the transfer thereof to Plaintiff.

**PRAYER FOR RELIEF**

In view of the foregoing, Plaintiff Extensions Plus prays for the following relief:

A.     A Preliminary and permanent injunction:

(1)     prohibiting Defendant, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the EXTENSIONS PLUS trademark, or any confusingly

similar variation thereof, as, or as a component of, a trademark, trade name, domain name or otherwise, in connection with the advertising, promoting, marketing, offering, selling or provision of its products or services in the United States, and from otherwise infringing on the EXTENSIONS PLUS trademark or otherwise competing unfairly with Plaintiff;

(2)    requiring Defendant, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, to immediately to remove all appearances of the EXTENSIONS PLUS trademark and any confusingly similar variations thereof from its web pages, goods, business forms, mailing labels, invoices, sales aids, advertisements, and all other advertising, sales and promotional materials;

(3)    requiring Defendant, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, to immediately to cease operating a web site at www.extensionsplushairandwigs.com, and to permanently transfer ownership and registration of the domain www.extensionsplushairandwigs.com to Extensions Plus;

(4)    requiring Defendant, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, to immediately to remove any signage on its retail store which includes the term "Extensions Plus," or any confusingly similar variations thereof, or otherwise infringes on the EXTENSIONS PLUS trademark;

/ / /

1   (5)   requiring that Defendant, its officers, directors, agents, principals,
2   divisions, representatives, servants, employees, associates, subsidiaries, affiliates,
3   attorneys, successors and assigns, and all persons acting by, through, under or in
4   active concert or in participation with or controlled, either directly or indirectly, by
5   any of them, surrender to Extensions Plus of all goods and other materials in its/their
6   possession, custody or control and bearing the EXTENSIONS PLUS trademark, or
7   any other designation which incorporates the  EXTENSIONS PLUS trademark, for
8   the destruction of such goods and materials by Extensions Plus, and requiring
9   further the filing and service of a certified report by Defendant identifying and
10   attesting to the surrender of those goods and other materials, in such particular
11   details as the Court shall deem appropriate;
12   (6)   requiring Defendant, its officers, directors, agents, principals, divisions,
13   representatives, servants, employees, associates, subsidiaries, affiliates, attorneys,
14   successors and assigns, and all persons acting by, through, under or in active concert
15   or in participation with or controlled, either directly or indirectly, by any of them, to
16   immediately remove from any social media pages under its control any and all use
17   of the EXTENSIONS PLUS trademark, including, without limitation, removing any
18   videos posted by defendant on YouTube which use the EXTENSIONS PLUS
19   trademark and deleting Defendant's Facebook account with the name
20   https://www.facebook.com/Extensionsplus1023.
21   (7)   requiring Defendant, its officers, directors, agents, principals, divisions,
22   representatives, servants, employees, associates, subsidiaries, affiliates, attorneys,
23   successors and assigns, and all persons acting by, through, under or in active concert
24   or in participation with or controlled, either directly or indirectly, by any of them, to
25   have deleted or removed from publication any advertisements paid for or used by it
26   (whether displayed through the use of social media or otherwise) containing any of
27   the EXTENSIONS PLUS trademark and any other name, mark, or logo confusingly
28   similar to it;

1490328.1
-12-
COMPLAINT

(8)     requiring Defendant, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, to immediately to destroy and cease using any business cards, letterhead, stationary, and invoices which include the term "Extensions Plus," or any confusingly similar variations thereof, or otherwise infringes on the EXTENSIONS PLUS trademark

(9)     restraining and enjoining Defendant, its agents, servants, employees, officers, directors, principals, successors, licensees, subsidiaries, transferees, representatives, customers, and assignees, and any persons in active concert or participation with any of them, from making, contributing to the making, or inducing others to make any use of a name, mark, URL, domain name, or computer code which comprises or includes the simultaneous use of the word "extensions" and "plus" or any reproduction, copy, counterfeit or colorable imitation thereof or any term confusingly similar thereto, especially any such use on or in connection with any hair care goods or services, sold, offered for sale, distributed, or imported into the United States or otherwise advertised, marketed or promoted;

(10)    restraining and enjoining Defendant, its agents, servants, employees, officers, directors, principals, successors, licensees, subsidiaries, transferees, representatives, customers, and assignees, and any persons in active concert or participation with any of them, from using an orange and yellow swirl design similar in appearance to the orange and yellow swirl design used by Extensions Plus and depicted in **Exhibit 3** hereto in connection with any hair care goods or services, sold, offered for sale, distributed, or imported into the United States or otherwise advertised, marketed or promoted;

(11)    restraining and enjoining Defendant, its agents, servants, employees, officers, directors, principals, successors, licensees, subsidiaries, transferees, representatives, customers, and assignees, and any persons in active concert or

participation with any of them, from maintaining, operating, or using (whether directly or indirectly) or inducing others (including, without limitation Affiliates) to maintain, operate, or use any web-page, home page, web site, website content (including, without limitation, that which appears on "hidden pages"), any code whatsoever (including but not limited to metatags, HTML, XTML, any computer code, domain names, URLs, sub pages, extensions, links, or any division or portion thereof, signs, banner ads, or any other visual media used in connection with either of the Defendant's businesses) that contains one or more of Plaintiff's trademarks or trade names, including without limitation the EXTENSIONS PLUS trademark, or any reproduction, copy, counterfeit or colorable imitation thereof or any terms confusingly similar thereto (as used herein, the terms "Affiliates" means third-party owned websites/domain names that link to one or more websites owned, hosted, and/or operated by Defendant);

(12)   restraining and enjoining Defendant, its agents, officers, principals, directors, servants, employees, successors, licensees, subsidiaries, transferees, representatives, customers, and assignees, and any persons in active concert or participation with any of them, from including or maintaining any content, including links, on any and all websites which they own, control, operate, have an association or affiliation with or on which it/they otherwise advertise that causes or tends to cause an Internet search engine to list or report a website – not selling goods that originate from or are otherwise authorized by Plaintiff – based on a search query that includes one of Plaintiff's trademarks, including, without limitation Plaintiff's EXTENSIONS PLUS trademark, or any reproduction, copy, counterfeit or colorable imitation thereof or any terms confusingly similar thereto;

(13)   restraining and enjoining Defendant, its agents, officers, principals, directors, servants, employees, successors, licensees, subsidiaries, transferees, representatives, customers, and assignees, and any persons in active concert or participation with any of them, from ever in the future filing or maintaining an

1   application for registration or registration of any mark that simultaneously includes

2   both the word "extensions" and "plus" (or any other mark used or registered by

3   Plaintiff) or any mark(s) confusingly similar thereto with the United States Patent

4   and Trademark Office or any other governmental or state authority;

5        (14)   requiring Defendant to file with the Court and serve on Extensions

6   Plus, within thirty (30) days after entry of an injunction, a report in writing under

7   oath setting forth in detail the manner in which Defendant has complied with the

8   Court's injunction and orders; and

9       B.    Such further relief as the Court may deem just and appropriate.

10

11   DATED: October 30, 2013        WOLF, RIFKIN, SHAPIRO,
                                            SCHULMAN & RABKIN, LLP

12

13

14                            By:     /s/ Eric Levinrad
                                          _____

15                             ERIC LEVINRAD
                         Attorneys for PLAINTIFF EXTENSIONS

16                          PLUS, INC.

17

18

19

20

21

22

23

24

25

26

27

28