UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| EXTENSIONS PLUS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EXTENSIONS HAIR PLUS WIGS, LLC, a Minnesota Limited Liability Company, a/k/a Extensions Plus Hair & Wigs,<br><br>Defendant. | Case No. CV13-08013 SVW PJW<br><br>**PERMANENT INJUNCTION**<br><br>Trial Date:   Vacated<br><br>*[Stipulated Permanent Injunction concurrently filed herewith]* |

WHEREAS, plaintiff Extensions Plus, Inc. ("Plaintiff" or "Extensions Plus") has filed its complaint in the above-entitled action ("Complaint") against defendant Extensions Hair Plus Wigs LLC, also known as Extensions Plus Hair & Wigs and now known as Minneapolis Hair Extensions & Weaves, LLC ("Defendant") for trademark infringement, unfair competition, false designation of origin, and cyberpiracy, among other related causes, concerning Plaintiff's federally registered trademark EXTENSIONS PLUS and its swirl design;

WHEREAS, Plaintiff and Defendant have since entered into the concurrently filed Stipulated Permanent Injunction and into a Settlement Agreement to resolve the issues raised by Complaint;

WHEREAS, both the Stipulated Permanent Injunction and the Settlement Agreement contemplate entry of a Permanent Injunction by Court;

WHEREAS, as set forth in the Stipulated Permanent Injunction, Plaintiff is one of the leading suppliers of hair extensions and wig products in the United States;

WHEREAS, as set forth in the Stipulated Permanent Injunction, Plaintiff markets and sells various hair-related goods/services (*e.g.*, relating to hair extensions, hairpieces, and wigs) to cosmetologists and end users through Extensions Plus' brick and mortar and online retail stores, over the phone, and through other customary trade channels;

WHEREAS, as set forth in the Stipulated Permanent Injunction, Defendant is in the business of providing hair extensions, hairpieces, wigs and related services, in the Minneapolis, Minnesota area;

WHEREAS, as set forth in the Stipulated Permanent Injunction, Defendant markets, advertises, and promotes its various hair-related products and services through its brick and mortar salon, over the Internet, through websites owned, operated, or hosted by Defendant, and through social media sites;

///

///

THEREFORE, IT IS HEREBY ADJUDGED AND DECREED ORDERED, as follows:

1. The Court has jurisdiction of the subject matter of this litigation and personal jurisdiction over Defendant.

2. Plaintiff is a corporation organized under the laws of the State of California, having an address at 17738 Sherman Way, Reseda California 91335.

3. Defendant is a limited liability company organized under the laws of the State of Minnesota, having a business address located at 1023 Washington Ave., South Minneapolis, Minnesota 55415.

4. Plaintiff is the sole and exclusive owner of United States Federal Trademark Registration No. 2,167,696 for the Service Mark EXTENSIONS PLUS for hair replacement styling, namely custom wefting, blending and coloring of hair extensions. Because of Extensions Plus's longstanding and continuous use of its mark, the EXTENSIONS PLUS Service Mark No. 2,167,696 is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

5. Plaintiff is also the sole and exclusive owner of United States Federal Trademark Registration No. 4,364,950 for various goods and services, including, without limitation, hair extensions, wigs, hairpieces, micro-braids made of human and/or synthetic hair; hair care preparations; hair sprays, hair styling preparations; bonding glue and adhesives used to apply hair extensions; tools used in hair extensions application; tools used to apply hair extensions to wearers; finished caps that serve as the base for wigs and hairpieces; and wholesale, retail and store services.

6. Plaintiff is also the owner of the orange and yellow swirl design mark depicted in **Exhibit 1** hereto ("Plaintiff's Swirl Design").

7. Plaintiff's Swirl Design, the EXTENSIONS PLUS Service Mark No. 2,167,696, and the EXTENSIONS PLUS Trademark No. 4,364,950, together with

the common law rights that Plaintiff garnered in said marks, are collectively referred to as "Plaintiff's Trademarks."

8. Plaintiff's Trademarks are valid, enforceable, and subsisting.

9. As a result of Plaintiff's extensive use and advertising of the Plaintiff's Trademarks, the Plaintiff's Trademarks have become well known to the hair extension, wig, and hairpiece industry and to the purchasing public to be associated with Plaintiff.

10. Plaintiff has superior rights to exclusive use of the Plaintiff's Trademarks vis-à-vis Defendant throughout the United States.

11. Defendant has used and uses marks/designations that include both the words "extensions" and "plus" (*e.g.*, Extensions Plus, Extensions Plus Hair and Wigs, and Extensions Hair Plus Wigs) and an orange and yellow swirl design depicted in **Exhibit 2** hereto (collectively "the Allegedly Infringing Marks"), as alleged in the Complaint in this Action.

12. Except as provided otherwise in paragraphs 13, 14, and 15 specifying the timelines by which certain actions by Defendant must take place, Defendant and each of its agents, principals, officers, directors, servants, employees, successors, assigns, attorneys, and all those persons in active concert, or participation, or affiliated with one or more of the afore-described persons or under authority of Defendant who receive actual notice of this Order, shall <u>immediately</u> cease and not resume at any time thereafter:

    a) Making, contributing to the making, or inducing others to make any use of a trade name, trademark, service mark, URL, link, marketing material, banner ad, adword, domain name, slogan, motto, e-mail address, computer code, or social media account/identity (including, without limitation, Twitter handle, Facebook identity, Instagram identity) that comprises or includes one or more of the Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any

reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including, without limitation, one or more of the Allegedly Infringing Marks or any other designation containing both of the words "extensions" and "plus" (whether the words "extensions" or "plus" are spelled out, misspelled, assigned alternate spellings or whether the word "plus" is designated by the symbol "+");

  b) Offering for sale, selling, distributing, marketing, importing, advertising, promoting or giving away, or causing to be offered for sale, sold, distributed, marketed, imported, or given away any goods or services (including, without limitation, informational services) in connection with one or more of the Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the Allegedly Infringing Marks or any other designation containing both of the words "extensions" and "plus" (whether the words "extensions" or "plus" are spelled out, misspelled, assigned alternate spellings or whether the word "plus" is designated by the symbol "+");

  c) Shipping, delivering, distributing, returning, or otherwise disposing of in any manner other than destruction of packaging, or from causing to be shipped, delivered, distributed, returned, or disposed of (other than destroying packaging), products or promotional materials bearing one or more of the Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the Allegedly Infringing Marks or any other designation containing both of the words "extensions" and "plus"

1  (whether the words "extensions" or "plus" are spelled out, misspelled,
2  assigned alternate spellings or whether the word "plus" is designated by
3  the symbol "+");
4      d)    Displaying, advertising, or soliciting purchases, or causing
5  to be displayed, advertised, or solicited, any product or service under
6  one or more of the Plaintiff's Trademarks – or any of Plaintiff's other
7  trademarks – or any reproduction, copy, counterfeit or colorable
8  imitation thereof or any term(s) confusingly similar thereto, including
9  without limitation the Allegedly Infringing Marks or any other
10 designation containing both of the words "extensions" and "plus"
11 (whether the words "extensions" or "plus" are spelled out, misspelled,
12 assigned alternate spellings or whether the word "plus" is designated by
13 the symbol "+"), over the Internet or otherwise;
14     e)    Registering, maintaining, promoting, using, trafficking in,
15 obtaining, transferring, assigning, licensing, authorizing use of,
16 otherwise displaying, or engaging in any activities (directly or
17 indirectly) with any trade name, trademark, service mark, company
18 name, domain name, web page name, URL, social media
19 account/identity (including, without limitation, Twitter handle,
20 Facebook identity, Instagram identity) that includes one or more of the
21 Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any
22 reproductions, counterfeits, copies or colorable imitations thereof or
23 any terms confusingly similar thereto, including without limitation the
24 Allegedly Infringing Marks or any other designation containing both of
25 the words "extensions" and "plus" (whether the words "extensions" or
26 "plus" are spelled out, misspelled, assigned alternate spellings or
27 whether the word "plus" is designated by the symbol "+"), including
28 without limitation the <extensionsplushairandwigs.com> domain name;

|   |   |   |
|---|---|---|
| 1 | f) | Maintaining, operating, or using (whether directly or indirectly) or inducing others (including, without limitation Affiliates) to maintain, operate, or use any web-page, video (including YouTube video), social media content, home page, web site, website content (including, without limitation, that which appears on "hidden pages"), any code whatsoever (including but not limited to metatags, HTML, XTML, any computer code, domain names, URLs, sub pages, extensions, links, or any division or portion thereof, signs, banner ads, or any other visual media used in connection with any goods/services/business) that contains one or more of the Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any reproduction, copy, counterfeit or colorable imitation thereof or any term(s) confusingly similar thereto, including without limitation the Allegedly Infringing Marks or any other designation containing both of the words "extensions" and "plus" (whether the words "extensions" or "plus" are spelled out, misspelled, assigned alternate spellings or whether the word "plus" is designated by the symbol "+")(As used in this Order, the capitalized term "Affiliates" means third-party owned websites/domain names that link to one or more websites owned, hosted, and/or operated by Defendant); |

g) Identifying itself (directly or through its Affiliates) or any of its products/services over the telephone or by any other media (including, without limitation, the Internet) or printed matter (including, without limitation, forms, mailing labels, invoices, sales aids, advertisements, and all other advertising, sales and promotional materials) or signage as "Extensions Plus" or any confusingly similar term, or any reproduction, counterfeit, copy or colorable imitation thereof of, or any term(s) confusingly similar thereto, including without

limitation the Allegedly Infringing Marks or any other designation containing both of the words "extensions" and "plus" (whether the words "extensions" or "plus" are spelled out, misspelled, assigned alternate spellings or whether the word "plus" is designated by the symbol "+");

h) Infringing, inducing others to infringe, or contributing to the infringement of any of Plaintiff's Trademarks or any other of Plaintiff's trademarks, registered or otherwise, or otherwise engaging in unfair competition with Plaintiff in any manner or engaging in any conduct tending to falsely represent or likely to confuse, mislead or deceive suppliers, purchasers, or any member of the public into thinking that Defendant or its Affiliates or their products/services originate from or are affiliated with Plaintiff or that Plaintiff has otherwise sponsored, approved, or licensed any products or services of the Defendant or its Affiliates;

i) Challenging, contesting, impairing, opposing, protesting, or proceeding under any actions to cancel or terminate, in any way, the use, validity, registration, application, title or ownership of Plaintiff's Trademarks or any other mark/name that Plaintiff may use or apply for in the future that contains both of the words "extensions" and "plus," including any rights thereunder by Plaintiff, and from, directly or indirectly, aiding or assisting any other persons or entities in challenging, contesting, opposing, protesting or otherwise challenging the use, validity, registration, application, title or ownership of any such marks or names;

j) Passing off, inducing or enabling others (including, without limitation, any of the Defendant's Affiliates) to sell or pass off any product not Plaintiff's or not produced under the control and

supervision of Plaintiff as approved by Plaintiff for sale under one or more of Plaintiff's Trademarks or any other of Plaintiff's trademarks; and

    k)    Committing or contributing to any acts calculated to cause purchasers to believe that any products or services not originating from Plaintiff are those sold under the control and supervision of Plaintiff, or are sponsored or approved or connected with, guaranteed or produced under the control and supervision of Plaintiff, or otherwise infringing, inducing others to infringe, or contributing to the infringement of any of Plaintiff's trade names, Plaintiff's Trademarks, or any of Plaintiff's other trademarks.

13.    To the extent Defendant has not already done so in connection with the terms of the Stipulated Permanent Injunction and/or the Settlement Agreement, within two (2) business days after the execution of this Order, Defendant shall:

    a) Deliver to Plaintiff through Plaintiff's counsel an affidavit in which it shall identify by name, address, and telephone number all third party advertising media in which Defendant has placed any advertisement, over the last 12 months, bearing any of Plaintiff's Trademarks or any reproduction, counterfeit, copy or colorable imitation thereof, including, without limitation, the Alleged Infringing Marks; and

    b) Request and authorize the transfer of ownership of Defendant's registration of the <extensionsplushairandwigs.com> domain name to Plaintiff through the appropriate domain name authority and immediately provide Plaintiff with copies of all communications concerning Defendant's request for transfer. Thereafter, Defendant shall take whatever follow-up actions are reasonably necessary to

       effectuate the transfer.  For a period of three and a half (3½) years from July 31, 2014, Carrie Ryan Gallia of the law firm of Lindquist and Vennum LLP in Minneapolis, Minnesota shall be designated as the administrator for the domain name and shall pay any registrar or other maintenance fees (which shall be reimbursed to Ms. Gallia by Plaintiff) for maintaining the domain name for a period of five (5) years from July 31, 2014.

      14.    To the extent Defendant has not already done so in connection with the terms of the Stipulated Permanent Injunction and/or the Settlement Agreement, within two (2) business days after the execution of this Order, Defendant shall remove all references to the Plaintiff's Trademarks Marks, and any reproductions, copies, counterfeits or colorable imitations thereof, and any term(s) confusingly similar thereto, including, without limitation, one or more of the Allegedly Infringing Marks and any other designation containing both of the words "extensions" and "plus" (whether the words "extensions" or "plus" are spelled out, misspelled, assigned alternate spellings or whether the word "plus" is designated by the symbol "+") from Defendant's website now located at <extensionshairandwigs.com>.

      15.    To the extent Defendant has not already done so in connection with the terms of the Stipulated Permanent Injunction and/or the Settlement Agreement, within two (2) business days after the execution of this Order, Defendant and each of its agents, principals, officers, directors, servants, employees, successors, assigns, attorneys, and all those persons in active concert, or participation, or affiliated with one or more of the afore-described persons or under authority of Defendant who receive actual notice of this Order shall:

      a)    Cease all use of the following social media accounts/identities: Facebook ("Extensions Plus Hair and Wigs" and

-10-
PERMANENT INJUNCTION

|   |   |
|---|---|
| 1 | "Extensions Hair and Wigs Plus"), YouTube ("Extensions Plus Hair |
| 2 | and Wigs" and "Extensions Plus Minneapolis"), and Twitter |
| 3 | ("Extensions Plus").  In the alternative, if permitted by the social |
| 4 | media provider, Defendant may elect to maintain one or more of the |
| 5 | aforementioned social media accounts, provided that the |
| 6 | name/identity of the account – as it appears to users on the social |
| 7 | media platform – is changed so as not to be comprised of or include |
| 8 | any of the Plaintiff's Trademarks Marks, or any reproductions, |
| 9 | copies, counterfeits or colorable imitations thereof, or any term(s) |
| 10 | confusingly similar thereto, including, without limitation, one or |
| 11 | more of the Allegedly Infringing Marks or any other designation |
| 12 | containing both of the words "extensions" and "plus" (whether the |
| 13 | words "extensions" or "plus" are spelled out, misspelled, assigned |
| 14 | alternate spellings or whether the word "plus" is designated by the |
| 15 | symbol "+"); and |

b) Remove all videos posted by or on behalf of Defendant on YouTube which contain one or more of the Plaintiff's Trademarks – or any of Plaintiff's other trademarks – or any reproduction, copy, counterfeit or colorable imitation thereof, or any term(s) confusingly similar thereto, including, without limitation, one or more of the Allegedly Infringing Marks or any other designation containing both of the words "extensions" and "plus" (whether the words "extensions" or "plus" are spelled out, misspelled, assigned alternate spellings or whether the word "plus" is designated by the symbol "+"); and

c) Cease all use of the words "extensions" and "plus" (whether the words "extensions" or "plus" are spelled out, misspelled, assigned alternate spellings or whether the word "plus" is designated by the symbol "+") from all store signage.

16. Nothing in paragraph 15, however, shall require Defendant (or prohibit Plaintiff from taking any action) to remove, change, edit, modify or transfer the ownership of any postings, listings and/or content appearing on business directories, customer review sites, on-line maps, on-line yellowpages, video sharing sites, search engines, social media sites or other third party web sites that Defendant did not post or cause to be posted and for which Defendant does not have the requisite permissions to remove, change, edit, modify or transfer.

17. Nothing stated herein shall prohibit Defendant from using the designation "MPLS" as an abbreviation for the geographic location "Minneapolis," provided that all of the letters in the designation "MPLS" are of equal size, font, style, color, and prominence.

18. This Court shall retain jurisdiction to construe, enforce, and implement this Permanent Injunction.

19. Plaintiff may issue subpoenas, pursuant to Fed. R. Civ. P. Rules 26 through 45, as appropriate to enable it to police and enforce compliance with this Permanent Injunction.

20. The prevailing party in any proceeding to enforce the terms of this Permanent Injunction shall be entitled to recover the attorneys' fees and costs incurred therewith.

**IT IS SO ORDERED.**

DATED: August 12, 2014

_____
The Honorable Stephen V. Wilson,
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1


PERMANENT INJUNCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

